IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: **07-61165** CIV UNGARO

MAGISTRATE JUDGE
O'SULLIVAN

| | |
|---|---|
| ANNICK JOELLE PIERRE-LOUIS, ANTOINE VINCENT GUYARD, THIBAUD GUYARD, a minor, by his father ANTOINE VINCENT GUYARD, Individually as heirs of ABDON JOSEPH PIERRE-LOUIS, Deceased,<br><br>ANNICK JOELLE PIERRE-LOUIS, ANTOINE VINCENT GUYARD, THIBAUD GUYARD, a minor, by his father ANTOINE VINCENT GUYARD, Individually as heirs of LAURENCE PIERRE-LOUIS, Deceased,<br><br>LEON NOEL EDMOND LORNE, MELANIE SUZIE MARTINE, a minor, by her mother MARIE-NELLY MARTINE, Individually as heirs of SERGE NAL, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>NEWVAC CORPORATION, a Florida corporation; GO 2 GALAXY, INC., a Florida corporation, and WEST CARIBBEAN AIRWAYS, S.A., a Colombian corporation,<br><br>Defendants. | COMPLAINT<br><br>WRONGFUL DEATH AND SURVIVAL ACTION<br><br><u>JURY DEMAND</u> |



FILED by _____ D.C.
INTAKE

AUG 16 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

Plaintiffs, by and through undersigned counsel and for their cause of action against defendants NEWVAC corporation, GO 2 GALAXY, INC., and WEST CARIBBEAN AIRWAYS, S.A., state as follows:

1

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, in that this action arises under a treaty of the United States, namely the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada, on May 28, 1999 ("Montreal Convention"). Under Articles 33(2), 39, 45 and 46 of the Montreal Convention, the courts of the United States have mandatory subject matter jurisdiction over both defendants, since this District is the domicile and principal place of business of defendants NEWVAC CORPORATION and/or GO 2 GALAXY, Inc.

2. Venue in this Court is proper pursuant to 28 U.S.C. Section 1391(b), as this is the District where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

3. At all times material hereto, Plaintiffs and their decedents are and were residents of the Department of Martinique, Republic of France. Plaintiffs act as representatives of the estates of individuals who died while passengers on a flight that was ticketed and contracted for by defendant NEWVAC CORPORATION and/or defendant GO 2 GALAXY, Inc., and operated by defendant WEST CARIBBEAN, and in their personal capacities as survivors of the decedents.

4. At all times material to this action, Defendant NEWVAC CORPORATION was a corporation organized under the laws of Florida with its principal offices located in Dania, Florida.

5. At all times material to this action, Defendant GO 2 GALAXY, Inc. was a corporation organized under the laws of Florida with its principal offices located in Hollywood, Florida.

6. The majority of the shares of both defendants NEWVAC CORPORATION and GO 2 GALAXY, INC. are owned by the same individual, a Mr.

2

Jacques Cimetier.

7. At all times material to this action, Defendant WEST CARIBBEAN was a Colombian corporation with offices in Medellin, Colombia.

## GENERAL ALLEGATIONS

8. In early 2005, a travel agency in Martinique named Globe-Trotters De Rivière Salée Travel (hereafter referred to as "Globe-Trotters") packaged and sold several one week vacation trips from Martinique to Panama which included hotel lodging and travel by air. These trips were scheduled to take place in July and August of 2005.

9. Each of the plaintiffs' decedents purchased or had purchased for them one of the one-week Panama vacations offered and sold by Globe-Trotters.

10. In April, 2005, Globe-Trotters, acting as an agent for the plaintiffs' decedents and others, contracted with defendant NEWVAC CORPORATION and/or defendant GO 2 GALAXY, Inc. (hereafter referred to collectively as "GO 2"), to supply the necessary round-trip air travel between Martinique and Panama, for a fixed fee.

11. The contract between Globe-Trotters and GO 2 specified that claims against GO 2 would be governed by Florida law.

12. Pursuant to the agreement between Globe-Trotters and GO 2, GO 2 performed all the services provided by an air carrier, including but not limited to:

(a) the ticketing of passengers;

(b) the provision of ground services to passengers and aircraft including but not limited to check-in of passengers, issuance of boarding cards and baggage receipts, aircraft maintenance, and refueling;

(c) the inspection and monitoring of aviation operations;

(d) the maintenance of liability insurance to cover injuries to passengers,

(e) obtaining authorization from the French Government for operation of the charter flights,

3

(f) assumption of the risk of increases in the price of fuel; and

(g) the air transportation itself.

13. In order to fulfill its air transportation responsibilities to Globe-Trotter and the passengers, defendant GO 2 contracted with WEST CARIBBEAN to supply an aircraft and crew to perform the actual transportation from Fort-de France, Martinique to Panama City, Panama and back.

14. The contract between GO 2 and WEST CARIBBEAN provided that GO 2 would pay for the aircraft and crew on an hourly, rather than per-passenger, basis.

15. Upon information and believe, the payments that GO 2 anticipated making to WEST CARIBBEAN for the flights necessary to fulfill is obligations to Globe-Trotters were less than the payment that GO 2 was contractually entitled to receive from Globe-Trotters, demonstrating that GO 2 was acting as a principal and not as an agent for any other party.

16. No contract was entered into between WEST CARIBBEAN and the plaintiffs' decedents, or between WEST CARIBBEAN and Globe-Trotter..

17. No consideration was paid to WEST CARIBBEAN by any of the passengers who flew pursuant to the contract between GO 2 and WEST CARIBBEAN, including plaintiffs' decedents.

18. In fulfillment of its contract with GO 2, on August 16, 2005 defendant WEST CARIBBEAN furnished a McDonnell Douglas MD-82 aircraft designated HK 4374X by the Colombian government (hereafter referred to as the "subject aircraft") to transport plaintiffs' decedents on a return trip from Panama City, Panama to Martinique.

19. On that same date, and after the flight crew reported the failure of both of the engines, the subject aircraft crashed into a swamp in Venezuela after a rapid descent from cruise altitudes of up to seven thousand feet per minute.

20.  As a result of the aforementioned steep descent and crash, all 160 passengers and crew on the aircraft, including each of plaintiffs' decedents, suffered extreme fright and terror and personal injuries, and ultimately were killed.

## CLAIM FOR RELIEF UNDER THE MONTREAL CONVENTION

21.  Plaintiffs incorporate by reference all prior allegations above as if fully set forth herein.

22.  Prior to August, 2005, the United States signed, ratified and adopted as law a multilateral international treaty which supplies rules governing international carriage by air, known as the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal, Canada, on May 28, 1999, (hereinafter "Montreal Convention").

23.  Because the transportation provided to plaintiffs' decedents by GO 2 and WEST CARIBBEAN on August 16, 2005 was between points in two different nations, to wit the Republic of Panama and the Republic of France, and because both the Republic of Panama and the Republic of France are signatories to the Montreal Convention, the transportation was international carriage as defined by Article 1(2) of the Convention, and the Convention is therefore applicable to this action pursuant to Article 1(1).

24.  Pursuant to Article 17 of the Montreal Convention, the carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

25.  The injuries and deaths suffered by plaintiffs' decedents took place on board the subject aircraft.

26.  Article 39 of the Montreal Convention identifies two classes of carriers that are subject to liability. One of those two classes is the "contracting carrier,"

5

which is defined as one who "makes a contract of carriage governed by this Convention with a passenger or consignor or with a person acting on behalf of the passenger or consignor, and another person (hereinafter referred to as "the actual carrier") performs, by virtue of authority from the contracting carrier, the whole or part of the carriage."

27. The above-referenced definition of "contracting carrier" is substantively identical to the definition in Article 1 of the Convention Supplementary to the Warsaw Convention for the Unification of Certain Rules Relating to International Carriage by Air Performed by a Person other than the Contracting Carrier, signed in Guadalajara on 18 September 1961 ("Guadalajara Convention").

28. Although the Guadalajara Convention was not adopted by the United States, in jurisdictions in which it has been in force, enterprises which contract for transportation in the manner that defendant GO 2 did here have been held to be "contracting carriers" on a consistent basis.

29. Furthermore, GO 2's role in the transportation of the plaintiffs' decedents meets the definition of "air carrier" in United States aviation statutes. In 49 U.S.C. Section 40102, an "air carrier" is defined at "a citizen of the United States undertaking by any means, directly or indirectly, to provide air transportation."

30. Indeed, the Office of Aviation Enforcement and Proceedings of the United States Department of Transportation has concluded in a public notice that "air charter brokers," which are defined as "entities, including persons, that link prospective charter customers with direct air carriers," are subject to regulations promulgated by the department under the statutory authority of 49 U.S.C. §§ 41101 and 41301, which establish the certificate and permit requirements for U.S. and foreign air carriers respectively. The notice indicated that the certification and permitting requirements for air carriers apply to brokers when they "enter as principals into contracts with customers to provide air transportation," as GO 2 did here. Thus, under this analogous U.S. law, an entity which obtains air transportation from a carrier and resells it to travelers under

direct contracts is itself deemed to be an air carrier. *See* http://airconsumer.ost.dot.gov/rules/BrokerNoticeFinal.pdf.

31. Thus, under Article 39 of the Montreal Convention, defendant GO 2 was the contracting carrier for the trip that resulted in the deaths of plaintiffs' decedents.

32. The other class of carrier addressed in Article 39 of the Montreal Convention is the "actual carrier," which is defined as the person who, "performs, by virtue of authority from the contracting carrier, the whole or part of the carriage."

33. Defendant WEST CARIBBEAN was the actual carrier for plaintiffs' decedents at the time of their deaths.

34. Pursuant to Articles 40 and 41 of the Montreal Convention, both the contracting and actual carrier are subject to the terms of the Convention, and the contracting carrier is vicariously, jointly and severally liable with the actual carrier for all injuries subject to the terms of Article 17.

35. The defendants' liability under the Montreal Convention is absolute up to 100,000 Special Drawing Rights (SDR) pursuant to Article 21(1).

36. Pursuant to Article 21(2) of the Montreal Convention, the defendants are liable to the plaintiffs and the decedents' survivors for all personal injury or wrongful death damages exceeding 100,000 Special Drawing Rights (SDR), unless the carriers prove (a) the injuries and deaths were not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) the injuries and deaths were solely due to the negligence or other wrongful act or omission of a third party.

37. The injuries and deaths of plaintiffs' decedents were caused by the wrongful acts or omissions of WEST CARIBBEAN.

38. Plaintiffs and the decedents' survivors have suffered and will continue to suffer damages as a result of wrongful acts or omissions of WEST CARIBBEAN and they are therefore entitled to recover from WEST CARIBBEAN and

GO 2, the entity that selected WEST CARIBBEAN to provide the subject air transportation, those damages provided for under applicable laws, including but not limited to damages for:

    (a)    pain and suffering and pre-impact terror and fright of each decedent prior to his or her death;

    (b)    grief, emotional distress, mental anguish and pain and suffering of each decedent's family and heirs from the date of decedent's death;

    (c)    loss of consortium, society, companionship, support and services from the date of each decedent's death;

    (d)    loss of financial support and services from the date of the decedent's death;

    (e)    loss of prospective inheritance or net estate accumulations reduced to present value;

    (f)    solatium, moral harm, and similar injuries;

    (g)    funeral and burial expenses;

    (h)    any other damages to which the plaintiffs and decedent's survivors may be entitled under applicable law;

    (i)    pre judgment interest;

    (j)    costs and attorneys fees.

WHEREFORE, plaintiffs demand judgment against defendants for appropriate damages as determined by a jury and such other and further relief as is warranted in the interest of justice.

## **JURY DEMAND**

Plaintiffs demand a trial by jury.

Dated: August 16, 2007

Respectfully submitted,

SHELDON J. SCHLESINGER, P.A.

By: ___/s/ Valerie Conzo___
Valerie A. Conzo
Florida bar # 938378

Sheldon J. Schlesinger
Scott P. Schlesinger
1212 Southeast Third Avenue
Fort Lauderdale, Florida 33316
Tel: 954-467-8800
Fax: 954-523-4803
vconzo@schlesingerlaw.com

LIEFF GLOBAL, LLP
David L. Fiol
Robert L. Lieff
Lexi J. Hazam
Admitted Pro Hac Vice
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Tel: 415-788-8000
Fax: 415-788-8002
dfiol@lieffglobal.com

*Attorneys for Plaintiffs*

**07-61165**

%JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
ANNICK JOELLE PIERRE-LOUIS, et al. [see attachment]

**DEFENDANTS**
NEWVAC CORPORATION, GO 2 GALAXY, INC. and WEST CARIBBEAN AIRWAYS, S.A.

(b) County of Residence of First Listed Plaintiff: foreign country
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Broward
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sheldon J. Schlesinger, P.A.
1212 S.E. 3rd Ave.
Fort Lauderdale, FL 33316  Tel: 954-467-8800

CIV-UNGARO-
MAGISTRATE JUDGE
O'SULLIVAN

Attorneys (If Known)
Allan Mendelsohn, esq.; Henry M. Knoblock, esq; J. Thompson Thorton, esq.

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:07CV61165-UU-O'Sullivan

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl.Ret.Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

FILED by ___ AUG 16 2007 CLARENCE MADDOX CLERK U.S. DIST. CT. S.D. OF FLA. FT. LAUD.

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☒ YES ☐ NO
JUDGE Ungaro-Benages    DOCKET NUMBER 06-cv-22748

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada, on May 28, 1999 ["Montreal Convention"]
LENGTH OF TRIAL via 30 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
Valerie Comyr 938378

DATE
August 16, 2007

**FOR OFFICE USE ONLY**
AMOUNT 350.00    RECEIPT # 540748    IFP

### Attachment to Civil Cover Sheet for ANNICK JOELLE PIERRE-LOUIS, et al. v. NEWVAC CORPORATION, et al.

Complete list of plaintiffs:

ANNICK JOELLE PIERRE-LOUIS,
ANTOINE VINCENT GUYARD,
THIBAUD GUYARD, a minor, by his
father ANTOINE VINCENT GUYARD,
Individually as heirs of ABDON JOSEPH
PIERRE-LOUIS, Deceased,

ANNICK JOELLE PIERRE-LOUIS,
ANTOINE VINCENT GUYARD,
THIBAUD GUYARD, a minor, by his
father ANTOINE VINCENT GUYARD,
Individually as heirs of LAURENCE
PIERRE-LOUIS, Deceased,

LEON NOEL EDMOND LORNE,
MELANIE SUZIE MARTINE, a minor, by
her mother MARIE-NELLY MARTINE,
Individually as heirs of SERGE NAL,
Deceased.

### Additional related cases:

Judge Ursula Ungaro-Benages: 1:06-cv-2748-UU,0:06-cv-61813-UU,1:06-cv-22750-UU,1:06-cv-22751-UU,1:06-cv-22752-UU,1:07-cv-20053-UU,1:07-cv-20119-UU,1:07-cv-20120-UU,1:07-cv-20121-UU,1:07-cv-20257-UU,1:07-cv-20258-UU,1:07-cv-20259-UU,1:07-cv-20264-UU,1:07-cv-20306-UU,1:07-cv-20312-UU,1:07-cv-20314-UU,1:07-cv-20316-UU,1:07-cv-20417-UU,1:07-cv-20419-UU,1:07-cv-20423-UU,1:07-cv-20441-UU,1:07-cv-20446-UU,1:07-cv-20449-UU,1:07-cv-20536-UU,1:07-cv-20539-UU,1:07-cv-20540-UU,1:07-cv-20541-UU,1:07-cv-20588-UU,1:07-cv-20589-UU,1:07-cv-20590-UU,1:07-cv-20591-UU,1:07-cv-20645-UU,1:07-cv-20647-UU,1:07-cv-20649-UU,1:07-cv-20652-UU,1:07-cv-20656-UU,1:07-cv-22027-UU,1:07-cv-22028-UU,1:07-cv-22029-UU,1:07-cv-22030-UU,1:07-cv-22031-UU,1:07-cv-22032-UU,1:07-cv-22049-UU,1:07-cv-22050-UU,1:07-cv-22052-UU,1:07-cv-22053-UU,1:07-cv-22054-UU,1:07-cv-22055-UU,1:07-cv-22056-UU,1:07-cv-22069-UU,1:07-cv-22075-UU.